[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, URBCO, Inc., has filed three motions that are presently before the court. The first motion requests that admissions be deemed admitted; the second is a motion to strike the defendants' amended cross-complaint, and the third is a motion for summary judgment. The plaintiff has also filed supporting memoranda of law. The defendants have not filed opposing memoranda of law. However, the court declines to grant plaintiff's motion to strike on the grounds that defendants have failed to file an opposing memorandum. See Olshefski v. Stenner, 5 CSCR 866 (September 27, 1990, Clark, J.).
As to plaintiff's motion requesting that admissions be deemed admitted, the rules of practice provide that if a request for admissions is not answered within thirty days, the request is deemed admitted. Conn. Practice Bk. 239 (rev'd to 1978, as updated to October 1, 1990). However, section 239 also permits the court to allow a longer time for answering the request. Based on the circumstances of this case, the court finds defendants' delay excusable and results in no prejudice to the plaintiff. Accordingly, the plaintiff's motion is denied.
The plaintiff next moves to strike the first, third, and fourth counts of defendants' amended cross-complaint on the grounds that 1) the first count fails to allege the necessary elements for adverse possession; 2) the third count fails to state a claim upon which relief can be granted; and 3) the fourth count fails to allege the necessary elements of CUTPA claim.
Paragraph 4 of Count I of the defendants' amended cross CT Page 6498 complaint alleges the septic tank and leaching field has been used continuously for more than fifteen years and is a matter of public record. Paragraph 7 alleges use of the plaintiff's premises for a leaching to be continuous, open and exclusive, without consent of the owner, and continuous for more than fifteen years. Count II alleges fraudulent misrepresentation, wrongful inducement, justifiable reliance, and detrimental loss in that the plaintiff promised to buy the defendants' property thereby inducing the defendants not to oppose the plaintiff's development plan which would in all likelihood interfere with the defendants' septic system and leaching field. Count III incorporates Count II and alleges estoppel. Count IV alleges a CUTPA violation but fails to allege unfair acts in the conduct of trade or commerce.
The court finds that Count I sufficiently alleges the elements of adverse possession and that Count III states a claim upon which relief can be granted. However, Count IV fails to allege all the necessary elements of a CUTPA claim. Accordingly, the court denies the plaintiff's motion to strike as to Count I and Count II and grants the motion to strike as to Count IV.
The plaintiff's summary judgment motion is denied in its entirety. The court finds that there are sufficient material questions of fact regarding adverse possession and the plaintiff's knowledge of the septic system.
O'CONNOR, J.